**IN THE UNITED STATES DISTRICT FOURT**

**FOR THE DISTRICT OF ARIZONA**

Alphatine Garnes, surviving mother of Frederick Garnes, individually and on behalf of all statutory beneficiaries of Frederick Garnes; and as Personal Representative of the Estate of Frederick Garnes,

　　　　　Plaintiffs,

v.

Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Maricopa County, a public entity; Sergeant David Weber and Jane Doe Weber; DO Ronald Feola and Jane Doe Feoloa; DO Don Whetten and Jane Doe Whetten; DO Daniel Kucera and Jane Doe Kucera; DO Jeffrey Speegle and Jane Doe Speegel; DO Cassera and Jane Doe Cassera; DO Philip Otero and Jane Doe Otero; Sergeant Jenny Jenkins and John Doe Jenkins; DO David Logan and Jane Doe Logan; Sergeant April Garza and Jane Doe Garza; Sergeant Corey Shamrock and Jane Doe Shamrock; DO Katie Perez and John Doe Perez; DO Chavez and Jane Doe Chavez; Sergeant Linda Smith and John Doe Smith; Jeffrey Alvarez and Jane Doe Alvarez; Barry Johnson and Jane Doe Johnson; Daniel Mather and Jane Doe

No. _____

**INDEX**

1

Mather; Stephanie Beaulieu and John Doe Beaulieu; Maria Cramer and John Doe Cramer; Phillip Fotia and John Doe Fotia; and John and Jane Does I-V,

Defendants.

Exhibit:  (A) Contents of Superior Court File No. CV2015-000431

(B) Superior Court Notice of Removal to the Federal District Court

(C) Supplemental Cover Sheet

(D) Civil Cover Sheet

S:\CIVIL\CIV\Matters\CJ\2014\Garnes v. Arpaio, et al. CJ14-144\Pleadings\Removal Docs\Garnes Ntc of Removal Index.DISTRICT COURT 060515.docx

Exhibit A

MICHAEL K. JEANES
Clerk of the Superior Court
By Georgia Shamon, Deputy
Date 01/16/2015 Time 16:44:32

| Description | Amount |
|---|---|
| ------- CASE# CV2015-000431 ------- | |
| CIVIL NEW COMPLAINT | 319.00 |
| | |
| TOTAL AMOUNT | 319.00 |
| Receipt# 24263084 | |

1  SABINUS A. MEGWA, ESQ.
   The Megwa Law Office
2  6811 South Central Avenue
   Phoenix, Arizona 85042
3  Telephone (602) 243-6151
   State Bar Number: 011266
4
5  Attorney for Plaintiffs

6

7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                IN AND FOR THE COUNTY OF MARICOPA

9   ALPHATINE GARNES, surviving mother of     ) NO.  CV2015-000431
    Frederick Garnes, individually and on behalf of )
10  all the statutory beneficiaries of Frederick )
    Garnes; and as Personal Representative of the )
11  ESTATE OF FREDERICK GARNES,              ) PLAINTIFFS' COMPLAINT AND DEMAND
                                             ) FOR JURY TRIAL
12            Plaintiffs,                     )
13                                           ) (Tort/Non-Motor-Vehicle;
    vs.                                      ) 42 U.S.C. Section 1983 and
14                                           ) Civil Rights Violation)
    SHERIFF JOSEPH ARPAIO and AVA            )
15  ARPAIO, husband and wife; MARICOPA       )
    COUNTY, a public entity; Sergeant David  )
16  Weber and Jane Doe Weber, DO Ronald Feola )
    and Jane Doe Feola, DO Don Whetten and Jane )
17  Doe Whetten, DO Daniel Kucera and Jane Doe )
    Kucera, DO Jeffrey Speegle and Jane Doe   )
18  Speegle, DO Cassera and Jane Doe Cassera, DO )
    Philip Otero and Jane Doe Otero, Sergeant Jenny )
19  Jenkins and John Doe Jenkins, DO David Logan )
    and Jane Doe Logan, Sergeant A. Garza and Jane )
20  Doe Garza, Sergeant Corey Schamrock and Jane )
    Doe Schamrock, DO Perez and Jane Doe Perez, )
21  DO Chavez and Jane Doe Chavez, Sergeant   )
    Smith and Jane Doe Smith, Jeffrey Alvarez and )
22  Jane Doe Alvarez, Barry Johnson and Jane Doe )
    Johnson, David Mather and Jane Doe Mather, )
23  Stephanie Beaulieu and John Doe Beaulieu, )
    Maria Cramer and John Doe Cramer, Fotia and )
24  John Doe Fotia; and John and Jane Does 1-V, )
                                             )
25            Defendants,                    )
26  _____)

27

28

                              -1-

Plaintiffs for their Complaint against Defendants, allege as follows:

## JURISDICTION AND VENUE

1.    The amount in controversy exceeds the jurisdictional threshold of this Court.

2.    A timely notice of claim pursuant to A.R.S. Section 12-821.01 was filed and served upon defendants. More than sixty (60) days have passed since the Notice of Claim was filed and served upon Defendants herein.

3.    Plaintiffs bring this action, pursuant to 42 U.S.C. § 1983, for violations of the Fourth and Fourteenth Amendments of the United States Constitution, and state common and statutory laws including A.R.S. § 12-611, *et seq.*

4.    Jurisdiction and venue are proper in this court as the majority of parties are residents of Maricopa County, Arizona, and the events underlying this lawsuit occurred in Maricopa County, State of Arizona.

## PARTIES

5.    Plaintiffs incorporate the allegations in the paragraphs above as if set forth fully herein.

6.    For all material times, Plaintiff Alphatine Garnes is an individual residing in Maricopa County, Arizona.

7.    Alphatine Garnes survives her son Frederick Garnes, deceased, who also was an individual residing in Maricopa County, Arizona at all times relevant to this Complaint.

8.    Alphatine Garnes is the Personal Representative of the Estate of Frederick Garnes, deceased.

9.    Defendant Joseph Arpaio and Ava Arpaio are a married couple residing in Maricopa County, Arizona. All of defendant Sheriff Arpaio's alleged acts were done for the benefit and furtherance of his marital community with Ava Arpaio.

10.    At all material times, Sheriff Arpaio was duly elected Sheriff of Maricopa County, acting under color of law, and in charge of Maricopa County Sheriff's Office ("MCSO"). Sheriff

Arpaio is named in both his official capacity, for the purpose of Plaintiffs' state law vicarious liability and Federal municipal liability claims, and in his individual capacity, for the purposes of Plaintiffs' claims against him individually under 42 U.S.C. § 1983.

11. Defendant Maricopa County is a public entity, formed and designated as such pursuant to Title 11 of the Arizona Revised Statutes and, as permitted by state and federal law, may be held independently or vicariously liable, or otherwise responsible, for the wrongful conduct of its divisions, agents, officers and employees.

12. Defendants Sergeant David Weber, DO Ronald Feola, DO Don Whetten, DO Daniel Kucera, DO Jeffrey Speegle DO Cassera (first name unknown), DO Philip Otero, Sergeant Jenny Jenkins, DO David Logan, Sergeant A. Garza, Sergeant Corey Schamrock, DO Perez (first name unknown), DO Chavez (B1534)first name unknown, Sergeant Smith (A5161)

Dr. Jeffrey Alvarez, Medical Director, Thomas J. Tegeler, Director, Barry Johnson, PA, David Mather, RN, Stephanie Beau line, RN, Maria Cramer, RN, Fotia (C5242) were agents and employees of Maricopa County who, at the time of events complained of herein, were acting within the course and scope of their employment and under color of law.

13. All of the individually named defendants' acts and omissions were done for the benefit and furtherance of their marital community. Except where specifically alleged, Plaintiffs are unaware of the true names of the individually named defendants' spouses and have designated them as Jane and John does in the caption of this matter. The true names of these defendants will be substituted upon discovery of the same.

**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS OF THIS COMPLAINT**

14. Pursuant to A.R.S Sections 11-441(A)(5) and 31-101, Sheriff Arpaio's duty is to take charge of and keep the Maricopa County Jail and Inmates in the County jail.

15. Sheriff Arpaio is a final policymaker for Maricopa County and therefore, Maricopa County is liable, under 42 U.S.C. Section 1983, for Sheriff Arpaio's unconstitutional policies, procedures, and/or customs.

16. Notwithstanding Sheriff Arpaio's constitutional duties, Maricopa County assists

Sheriff Arpaio's responsibility to provide adequate medical care for the inmates of the Maricopa County Jail through a division of the County know as Correctional Health Services ("CHS").

17.    Before January 16, 2014, both Sheriff Arpaio and Maricopa County were fully aware of a history of deliberate indifference to the provision of medical care to those in Maricopa County Jail and what has been long-overdue, constitutionally required corrections that needed to be made as quickly as possible as further demonstrated below:

18.    In Hart v. Hill now captioned as Graves v. Arpaio, et al, a class action law suit was brought against Maricopa County regarding unconstitutional conditions in Maricopa County jails. An Amended judgment was filed in that case on January 10, 1995, which states that "Defendants shall provide a screening of each pretrial detainee prior to placement of any pretrial detainee in the general population,. The screening will be sufficient to identify and begin necessary segregation, and treatment of those with mental or physical illness. ... All pretrial detainees confined in the jails shall have access to medical services and facilities which conform to the standards designated as 'essential' by the National Commission on Correctional Health Care ('NCCHC') Standards for Health Services as amended from time to time. When necessary, pretrial detainees confined in jail facilities which lack such services shall be transferred to another jail or other location where such service or health care facilities can be provided or shall otherwise be provided with appropriate alternative on-site medical services. ... Defendants shall provide emergency transportation services to an appropriate hospital or medical facility, without unreasonable delay, when needed." The foregoing court order notwithstanding, Defendants herein extended their deliberate indifference to the medical needs of its prisoners and in particular, to Frederick Garnes.

19.    As far back as 1996, the United States department of Justice notified Maricopa County that its investigation concluded that there is "insufficient access to medical care" in the Maricopa County jails and that there is "inadequate medical screening in intake. Identifying serious medical and psychiatric problems is a vital component of the process of admitting a new prisoner into the jails. That process, however, is seriously deficient."

20.    In Graves v. Arpaio, et al., the Court found that "systemic deficiencies in the screening

process" exist and, as a result, there "are continuing and ongoing violations of pretrial detainees' constitutional rights" and "pretrial detainees frequently are denied access to adequate medical, mental health, and dental care because they do not receive a timely in-person assessment of the urgency of their need for treatment."

21. As of 2010, the Court in Graves v. Arpaio et al., the Court noted that improvements appearing to be most critically needed, e.g., developing and implementing electronic medical records and medication management tools, increasing staffing, providing space for confidential mental health treatment, appear to have been disregarded or postponed to avoid expense."

22. In addition to having a history of deliberate indifference to the constitutional and inadequate medical care in Maricopa County jails, Defendant Maricopa County has tolerated and woefully failed to stop Sheriff Arpaio from operating the jails with a culture of cruelty and punishment by his words, pronouncements, actions and inactions.

23. Prior to January 16, 2014, both Maricopa County and Sheriff Arpaio were aware of a long history of the gratuitous and inhumane use of excessive force and physical abuses that routinely occurred in the Maricopa County Jails. This allegation is supported by the following facts:

a. The United States Department of Justice' investigation concluded in 1996 put Sheriff Arpaio and Maricopa County on notice that "unconstitutional conditions exist at the jails with respect to [ ] the use of excessive force against inmates. ... the use of excessive force by Detention Officers has been especially and unacceptably prevalent at... [I]ntake [and]...some Jail staff apply force to prisoners without any initial justification. Examples include using force against prisoners in intake to hasten movement of prisoners when those prisoners were neither combative nor resistant; use of a stun gun against a prisoner simply to see its effect; and use of force to send a message (for example, to stop acting up verbally), rather than for control, self-defense, or any other legitimate reason"

b. In the *United States of America v. County of Maricopa, et al.* CV97-2273-PHX-RGS the United States Department of Justice alleged that the "(j)ail inmates are subjected to use of excessive force (and)...Defendants have been consciously aware of, but deliberately indifferent to (this fact) for a substantial period of time."

24. Most of the Maricopa County and Sheriff Arpaio's inmates are pretrial detainees and they knew that under the United States Constitution it is illegal to "punish" detainees.

25. The Court in Graves held that "(s)ome pretrial detainees have been punished for behavior related to serious mental illness."

26. Such punishment often comes in the form of Detention Officers" (D.O.s") excessive use of force against those in the jail. Examples of the deaths resulting from this treatment include those of: Scott Norberg, Charles Agster, III, Brian Crenshaw, and Clint Yarbrough, Marty Atencio and now Frederick Garnes, all of them were pretrial detainees who died as a result of the conditions and culture created by Sheriff Arpaio and Maricopa County.

27. On his 46th birthday, January 15, 2014 at approximately 2232 hours, Frederick Louis Garnes was preaching religious scriptures in the vicinity of 2100 West Bowker Street in Phoenix Arizona when he was assaulted by several Phoenix Police Officers, causing him to sustain serious injuries to his head, face, upper and lower extremities and he was arrested by said officers for an alleged aggravated assault on a Police Officer and resisting arrest.

28. Two Phoenix Police officers transported Frederick to Phoenix St. Luke's Hospital for evaluation, however the medical providers at the hospital did not do any x-rays or lab work, but the physician wrote a note clearing Frederick for police custody or jail.

29. At approximately 0313 hours, July 16, 2014, two Phoenix Police Officers from Centralized Booking transported Frederick to Maricopa County Fourth Avenue Jail seeking to have him booked into jail, and while Frederick was initially at the intake area for intake and medical clearance he was placed in isolation cell for approximately two hours for booking into the Jail and during those two hours he was not given any medical care for injuries to his left eye that was swollen shut.

30. Initially Defendants Barry Johnson, P.A., health provider with Correctional Health Services ("CHS") and Maria Cramer, RN at the Maricopa County Fourth Avenue Jail refused to admit Frederick into the County Jail because of concern for his health.

31. The CHS Medical Director Dr. Jeffrey Alvarez initially agreed with Barry Johnson and Maria Cramer not to admit Frederick for booking at the Jail because of lack of x-rays and lab work in view of his injury condition.

32. Sergeant Frank Valenzuela of Phoenix Police Department then called Dr. Jeffrey Alvarez and persuaded him to admit Frederick for booking at the Jail and as such Dr. Alvarez overruled Barry Johnson and Maria Cramer and authorized the booking of Frederick into Fourth Avenue Jail without requiring additional medical evaluation with x-rays and lab work, however he recommended for Maria Cramer, RN and Barry Johnson PA, to obtain Frederick's alleged x-ray results from St. Luke's Hospital and for Frederick to be placed in Safe Cell.

33. Defendants Cramer and Johnson never obtained any negative x-ray results from St. Luke's Hospital because none existed at the time they allowed Frederick to be booked into "Safe Cell #4".

34. Although defendants Cramer and Johnson recognized the danger of Frederick's head injuries, however from the moment that Frederick was screened for booking to the moment he entered the Safe Cell, Maria Cramer, RN and Barry Johnson, PA failed to evaluate Frederick's injuries particularly since his left eye was swollen shut and they failed to do something about it, and they did nothing to ensure that Frederick was medically stable.

35. On January 16, 2014, Frederick was screened and escorted by at least five MCSO Detention Officers into "SAFE CELL #4" at approximately 0534 hours.

36. According to MCSO Detention Officer Sergeant Jenny Jenkins, on Frederick's way to Safe Cell #4, she noticed Frederick's "left eye was puffed up and swollen and its color was purple and red and that he was acting erratic, talking out loud ... speaking incoherent words at the officers and every other word was Jesus and quotes from the bible"... and she also noted that Frederick "was not physically resisting and allowed the Detention Officers to escort him wherever they needed him to go."

1    37. Frederick stopped reciting the scriptures out loud and was not moving in less than

2    eleven (11) minutes after Phoenix Police Officers removed him from isolation cell and

3    transferred him to the custody and control of Maricopa County Detention Officers who then

4    screened and booked him into Fourth Avenue Jail where Detention Officers placed him in a

5    "Safe Cell #4".

6    38. MCSO Detention Officers wrestled Frederick to the ground as they forcefully

7    placed him in a prone position and stripped him naked and the Detention Officers piled up

8    on him as he was lying on his belly with his legs pulled back to his buttock and crossed and

9    Detention Officers put their body weight on top of him and then they used scissors to cut off

10   the rest of his clothes and he suddenly stopped moving.

11   39. While they used excessive force to strip Frederick, the Detention Officers noticed

12   that Frederick was sweating really bad, had a lot of saliva coming out of his mouth and snot

13   bubble out of his nose and he made 2-3 loud snoring noise and was no longer moving.

14   40. When Sergeant Jenkins arrived at safe cell, Detention officers were struggling to remove

15   Frederick's pants and underwear and shirt and when the Detention Officers used scissors to cut

16   Frederick's shirts off and "he suddenly stopped resisting and his body was no longer tense. Officers

17   removed the handcuffs and Frederick made 2-3 loud snoring sounds".

18   41. Detention Officer Perez #B0806 was the east hall Officer where the incident took place

19   and she said after the escorting *Detention Officers cut off Frederick's clothing in Safe Cell 4, she saw*

20   *that there was "a lot of blood"* .

21   42. In her interview with MCSO Detectives, Detention Officer Sergeant Jenkins said she

22   asked Nurse Stephanie to check on Inmate Garnes while he was not moving. Nurse Stephanie stepped

23   in and looked over the Detention Officers' shoulder and said she "heard him snoring, he's fine".

24   Nurse Stephanie exited the cell and the Detention Officers backed away from Inmate Garnes one at a

25   time and exited the "Safe Cell".

26   43. At 0539 hours the Detention Officers all backed out of "Safe Cell #4" even though they

27   noticed that Frederick was no longer moving. One minute after Frederick was left alone in the "Safe

28   Cell" MCSO and CHS employees final acknowledged that he was not moving and not responding.

1   44. Upon shutting the safe cell door, Sergeant Jenkins immediately opened the trap door

2   located on the cell door and saw that inmate Frederick was still lying in the same position as they left

3   him and she called out his name but he laid there unresponsive and  then called out on radio for a safe

4   cell entry team.

5   45. While Frederick's life was slipping away in "Safe Cell," both the MCSO and CHS

6   personnel waited until 0545 or five minutes later when they finally entered the "Safe Cell" and found

7   him without a pulse and without a breath and then they commenced CPR.

8   46. Nurse Stephanie returned with Barry Johnson, PA to the Safe cell area as the safe cell

9   team entered the cell and checked Frederick's breathing and found he was not breathing. Nurse

10  Stephanie placed smell salt up to his nose but he didn't respond to that either at that time the

11  Detention Officers began to administer CPR.

12  47. Sergeant Jenkins said that she heard Nurse Stephanie say she knew this was going to

13  happen with this inmate and she also heard the nurses criticize how the Detention Officers were not

14  doing the chest compressions correctly and she then said she made two request for the nurses to get in

15  the cell and perform CPR as it was their job to do so; two nurses Stephanie and Barry Johnson then

16  stepped in and took over the CPR.

17  48. MCSO Detention employees, CHS employees and paramedics were

18  unable to restart Frederick's heart and he was transported to St. Joseph's Hospital where

19  he was officially pronounced dead at 0624 hours on January 16, 2014.

20

21                          **COUNT ONE**

22  **(Defendants Barry Johnson, Maria Cramer and Jeffrey Alvarez Violated Frederick Garnes'**

23                  **Rights Under the Fourth Amendment and 42 U.S.C. 1983)**

24  49. Plaintiffs incorporate the allegations in the paragraph above as if set fully herein.

25  50. Upon entering the jail, Frederick Garnes initially assessed by CHS employees Barry

26  Johnson, P.A. and Maria Cramer, R.N.

27  51. Defendants Barry Johnson and Maria Cramer had a constitutional, statutory, and common-law

28  duty to ensure the safety and well-being of Frederick Garnes while in their care and custody a duty

1  that includes (without limitation) providing proper, appropriate, and timely care, and monitoring
2  Frederick Garnes.

3      52. Initially Barry Johnson, P.A., health provider with Correctional Health Services
4  ("CHS") and Maria Cramer, RN at the Maricopa County Fourth Avenue Jail refused to
5  admit Frederick into the County Jail because of concern for his health.
6  Defendants Barry Johnson and Maria Cramer both knew, or should have known, that Frederick
7  Garnes was injured and had some type of trauma to the head, swollen eye and unusual behavior and
8  as such, they initially refused to admit book him into the jail without further medical examination, x-
9  ray and lab work and said decision was initially sanctioned by the medical director Dr. Jeffrey
10  Alvarez.

11      53. Rather than get Frederick Garnes needed medical examination, x-ray and lab work or get
12  him to the medical or mental health treatment he obviously needed as a result of known head trauma,
13  swollen eye and a serious medical condition, Defendant Dr. Jeffrey Alvarez overruled defendants
14  Barry Johnson and Maria Cramer and ordered them to admitted Frederick Garnes into the jail and
15  sent him to an isolation cell.

16      54. The fact that Frederick Garnes did not receive immediate needed head x-ray and other
17  medical treatment, in combination with the acts of violence committed on him as set forth below, was
18  the proximate cause of Frederick Garnes' death.

19      55. The wrongful conduct of Defendants Dr. Jeffrey Alvarez, Barry Johnson and Maria
20  Cramer, constitutes violations of 42 U.S.C. Section 1983 in that, with deliberate and callous
21  indifference, they deprived Frederick Garnes of his Fourteenth Amendment Rights under the United
22  States Constitution by denying him proper medical treatment while under the care of these
23  Defendants and the Estate of Frederick Garnes has suffered damages.

24                              **COUNT TWO**

25  **(Defendants Barry Johnson, Maria Cramer and Jeffrey Alvarez Are Liable for the Wrongful**
26           **Death of Frederick Garnes Pursuant to A.R.S. Section 12-611)**

27      56. Plaintiff's re-allege and incorporate, by this reference, the claims, facts, and allegations
28  set forth in the paragraphs above, as if set fort fully herein.

1    57. These Defendants, Barry Johnson, Maria Cramer and Jeffrey Alvarez breached their

2    duties to Frederick Garnes, as identified by the claims, facts, and allegations set forth in the

3    paragraphs above.

4    58. As the result of these Defendants' negligence, Frederick Garnes' survivors have been

5    deprived of the continued companionship and society of their son and father, and have suffered and

6    will continue to suffer in the future a loss of love, affection, companionship, care, protection,

7    guidance, as well as pain, grief, sorrow, anguish, stress, shock, and mental suffering, and have

8    suffered damages in an amount to be proven at trial.

9

10                                    **COUNT THREE**

11   **(Defendants Sergeant David Weber, DO Ronald Feola, DO Don Whetten, DO Daniel Kucera,
     DO Jeffrey Speegle, DO Cassera, DO Philip Otero, Sergeant Jenny Jenkins, DO David Logan,**
12   **Sergeant A. Garza, Sergeant Corey Schamrock, DO Perez, DO Chavez, Sergeant Smith
     Violated Frederick Garnes' Rights Under the Fourth and Fourteenth Amendments to be Free**
13   **From the Unreasonable Use of Force and Punishment are Liable Pursuant 42 U.S. C. 1983)**

14

15   59. Plaintiffs incorporate the allegations in the paragraphs above as if set forth fully herein.

16   60. The manner in which MCSO Detention Officers handled Frederick Garnes, by forcefully

17   wrestling him to the ground as they forcefully placed him in a prone position and stripped

18   him naked and then piled up on him as he was lying on his belly with his legs pulled back to

19   his buttock and crossed and Detention Officers continued to put their body weight on top of

20   him in a position which caused him pain, constituted an excessive use of force.

21   61. The excessive force used by MCSO Detention Officers to subdue Frederick Garnes

22   in a prone position constitutes excessive force which caused Frederick to suddenly stop

23   moving and stop breathing.

24   62. Despite not making sense, reciting the scripture and calling Jesus' name, Frederick was

25   not threatening, resistive, nor combative at all times while at Maricopa Count Fourth Avenue Jail and

26   while being placed in safe cell.

27

28

1       63.    The conduct of the MCSO Detention Officers as alleged in paragraphs 35 through 48

2 as stated hereinabove constitutes excessive and unreasonable use of force which caused and or

3 contributed to Frederick Garnes' death.

4       64. The force used by MCSO Detention Officers while they were placing Frederick Garnes in

5 the safe cell was gratuitous and unreasonable and it caused his death.

6       65. While he was being wrestled, punched and manhandled, Frederick never struck any of the

7 Detention Officers.

8       66. Sgt. Jenny Jenkins and other MCSO Detention Officers observed the unreasonable use of

9 force against Frederick Garnes, as well as the events set forth in paragraphs 35 through 48

10 hereinabove and failed to intervene.

11       67. As a direct and proximate result of these Defendants' wrongful conduct by using

12 excessive, gratuitous, and unreasonable force against Frederick Garnes, failing to stop others from

13 using excessive, gratuitous, and unreasonable force against Frederick, and punishing him, a pretrial

14 detainee, Frederick Garnes' rights under Fourth Amendments were violated and the Estate of

15 Frederick Garnes has suffered damages.

16       68. The wrongful conduct of these Defendants was in reckless disregard of Frederick Garnes'

17 constitutional rights and punitive damages in an amount to be determined by a jury should be

18 awarded to deter and prevent others from acting in a similar manner in the future.

19

20                            **COUNT FOUR**

21 **(Defendants Defendants Sergeant David Weber, DO Ronald Feola, DO Don Whetten, DO
Daniel Kucera, DO Jeffrey Speegle, DO Cassera, DO Philip Otero, Sergeant Jenny Jenkins, DO**

22 **David Logan, Sergeant A. Garza, Sergeant Corey Schamrock, DO Perez, DO Chavez, Sergeant**

23 **Smith and Maricopa County Are Liable for the Wrongful Death of Frederick Garnes Pursuant
to A.R.S. § 12-611)**

24

25       69. Plaintiff incorporate the allegations in the paragraphs above as if set forth fully herein.

26

27       70. Defendants Sergeant David Weber, DO Ronald Feola, DO Don Whetten, DO Daniel

28 Kucera, DO Jeffrey Speegle, DO Cassera, DO Philip Otero, Sergeant Jenny Jenkins, DO David

Logan, Sergeant A. Garza, Sergeant Corey Schamrock, DO Perez, DO Chavez, Sergeant Smith and

CHS employees named in this complaint had a duty to ensure the safety and well-being of persons in their care, custody, and control, a duty that includes (without limitation) using only necessary and reasonable force.

71. Defendants, breached their duties, despite knowing or having reason to know that Frederick Garnes was or would be inappropriately subjected to an unreasonable risk of serious harm, injury, and death as a result of their actions and/or inactions, as identified by the allegations set forth in the paragraph above.

72. Defendants and Maricopa County's breaches of their duties caused and/or contributed to cause Frederick Garnes' wrongful death.

73. All of the individually named defendants were at all times material hereto, acting within the course and scope of their employment and Maricopa County is vicariously liable for their actions.

74. Maricopa County has a duty to supervise all of its employees and agents and a duty to make ensure that its employees and agents satisfy all federal, state, and applicable standards. The County also has a duty to respond to known problems and/or improper customs, policies, practices, procedures, training, and/or conditions in its jails.

75. Maricopa County breached its duties, as identified by the allegations set forth in the paragraphs above, by (among others and without limitation): failing to supervise its employees and by ratifying improper conditions, customs, policies, procedures, and/or practices.

76. As a result of each individual named Defendant's and Maricopa County's action and inactions, Frederick Garnes' survivor have been deprived of the continued companionship and society of their son and father, and have suffered and will continue to suffer in the future a loss of love, affection, companionship, care, protection, guidance, as well as pain, grief, sorrow, anguish, stress, shock, and mental suffering, and have suffered damages in an amount to be proven at trial.

## COUNT FIVE

**(Defendant Defendants Sergeant David Weber, DO Ronald Feola, DO Don Whetten, DO Daniel Kucera, DO Jeffrey Speegle, DO Cassera, DO Philip Otero, Sergeant Jenny Jenkins, DO David Logan, Sergeant A. Garza, Sergeant Corey Schamrock, DO Perez, DO Chavez, Sergeant Smith Violated Alphatine Garnes' Rights Under the Fourteenth Amendment and 42 U.S.C. § 1983 to be Free From Interference With Their Right to Family Society and Companionship of Frederick Garnes)**

1    77.    Plaintiffs incorporate the allegations in the paragraphs above as if set forth fully

2  herein.

3    78.    The reckless, intentional and/or deliberate acts and omissions of Defendants Sergeant

4  David Weber, DO Ronald Feola, DO Don Whetten, DO Daniel Kucera, DO Jeffrey Speegle, DO

5  Cassera, DO Philip Otero, Sergeant Jenny Jenkins, DO David Logan, Sergeant A. Garza, Sergeant

6  Corey Schamrock, DO Perez, DO Chavez, Sergeant Smith, set forth above, were the direct and legal

7  cause of the deprivation of Alphatine Garnes' constitutionally protected rights under the Fourteenth

8  Amendment to the care, companionship, and familial society of her son Frederick Garnes.

9    79.    As a direct and proximate result of these Defendants' wrongful conduct, Alphatine

10  Garnes have suffered damages.

11                          **COUNT SIX**

12  **(Defendant Stephanie Beaulieu and Barry Johnson's Violated Frederick Garnes' Rights Under**
13                   **the Fourteenth Amendment)**

14    80. Plaintiffs incorporate the allegations in the paragraphs above as if set forth fully herein.

15    81. Nurse Stephanie Beaulieu and Physician Assistant Barry Johnson watched while

16  Detention Officer failed to properly perform CPR on Frederick Garnes after he was subjected to the

17  use of excessive, gratuitous, and unreasonable force by the Detention Officers.

18    82. Despite the heavy sweating, saliva, snot bubbles and no responsive movement, the Nurse

19  Stephanie Beaulieu just looked over Frederick with an apparent lack of concern.

20    83. Nurse Stephanie Beaulieu failed to make any effort to assess Frederick's

21  condition while he was in safe cell, simply leaving him alone, and not providing him with any

22  medical help and such conduct was below the standard of care required of a registered Nurse.

23    84. Rather than recognizing the extreme danger resulting from the use of excessive force,

24  Nurse Stephanie Beaulieu failed to meet the applicable standard of care, and did nothing to ensure

25  that Frederick received a proper medical evaluation and appropriate medical care.

26    85. The wrongful conduct of Defendants Stephanie Beaulieu and Barry Johnson constitutes

27  violations of 42 U.S.C. § 1983 in that, with deliberate and callous indifference, they deprived

28  Frederick of his Eighth and/or Fourteenth Amendment Rights under the United States Constitution in

that he was denied proper medical treatment while under the care of these Defendants and the Estate of Frederick Garnes has suffered damages.

### COUNT SEVEN

**(Defendants Nurse Stephanie Beaulieu and Barry Johnson are Liable for the Wrongful Death of Marty Pursuant to A.R.S § 12-611)**

86. Plaintiffs re-allege and incorporate, by this reference, the claims, facts, and allegations set forth in the paragraphs above, as if set forth fully herein.

87. Defendants Stephanie Beaulieu and Barry Johnson had a constitutional, statutory, and common law duty to assure the safety and well-being of Frederick Garnes while in their care and custody---a duty that includes (without limitation) providing proper, appropriate, and timely care and monitoring Frederick while he was being admitted into the so called safe cell and after he was stripped by use of excessive force.

88. These Defendants breached their duties to Frederick Garnes, as identified by the claims, facts, and allegations set forth in the paragraph above.

89. As a result of these Defendants' negligence, Frederick Garnes' survivors have been deprived of the continued companionship and society of their son and father, and have suffers and will continue to suffer in the future a loss of love, affection, companionship, care, protection, guidance, as well as pain, grief, sorrow, anguish, stress, shock, and mental suffering, and have suffered both economic and non-economic damaged in an amount to be proven at trial.

### COUNT EIGHT

**(Defendants Maricopa County and Sheriff Arpaio Are Deliberately Indifferent to the Medical Needs of Pretrial Detainees in the Maricopa County Jails While Subjecting then to Conditions Amounting to Punishment in Violation of the Fourteenth Amendment and 42 U.S.C. § 1983)**

90. Plaintiffs incorporate the allegations in the paragraph above as if set forth fully herein.

91. As the facts set forth above demonstrate, Sheriff Arpaio and Maricopa County have a policy, practice, or custom of punishing pretrial detainees, subjecting them to the unreasonable and excessive use of force, depriving them of constitutionally required care, and/or ratifying such constitutional deprivations.

-15-

1    92.    These policies, practices, or customs were the moving force behind Frederick Garnes'

2   death. In addition to those facts set forth above, this allegation is supported by the following

3   additional facts:

4         a.    On or about August 9, 2011, the Seventh Report of Dr. Kathryn A. Burns put

5   Maricopa County on notice of the fact that although "many advances have been made [in the

6   County's Mental Health Unit] serious problems persist." According to the report, "Chart reviews

7   continued to illustrate problems with inadequate, incomplete admission assessment." The report

8   concluded that, "although some progress has been made and there are plans for continued

9   development, improved access to timely psychiatric hospitalization has not yet occurred."

10        b.    On or about May 16, 2012, Dr. Burns reported to the Court in *Graves*, "it is

11   apparent that major elements of the medical and mental health care provided to [Frederick Garnes]

12   are germane to the requirements of the SAJ [Second Amended Judgment]. Specifically, these

13   elements include quality and scope of receiving screening, treatment of mental and physical illness

14   and injury, and ready access to care for serious medical and mental health needs."

15    93.    Based on the facts set forth above, Sheriff Arpaio knew, or reasonably should have

16   known, that his subordinates were engaging in conduct that would deprive Frederick Garnes of his

17   constitutional rights and he failed to act to prevent these deprivations, which were the moving force

18   behind Frederick Garnes' death. Sheriff Arpaio is, therefore, personally liable as a supervisor of these

19   individuals and punitive damages, in an amount to be determined by jury, should be awarded to deter

20   him, and others, from acting in a similar manner in the future. Sheriff Arpaio's actions also form the

21   basis of municipal liability against the County as he is a final policymaker for Maricopa County.

22    94.    Defendant Maricopa County was deliberately and callously indifferent to the

23   constitutional rights of those in their care, custody, and control and has a custom of turning a blind

24   eye towards its employees who depart from the County's policies and procedures and their training

25   and/or ratifies the actions of its employees who violate the constitutional rights of those in their care,

26   custody, and control.

27

28

95.    The wrongful conduct of Sheriff Arpaio and Maricopa County, as described herein, constitutes violations of 42 U.S. C. § 1983 and as a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered damages.

## JURY TRIAL

96.    Plaintiffs hereby request and demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages for judgment against Defendants as follows:

    a)    General damages in an amount to be proven at trial, as to the causes of action, claims, and theories of relief alleged herein;

    b)    Punitive damages against the individually named Defendants in an amount deemed just and reasonable as to the causes of action, claims, and theories of relief alleged herein;

    c)    Costs and attorneys' fees against all Defendants, pursuant to 42 U.S.C § 1988;

    d)    Such other and further relief which may seem just and reasonable under the circumstances.


Dated this _16th_ day of January 2015.

THE MEGWA LAW OFFICE

BY

SABINUS A. MEGWA
6811 South Central Ave.
Phoenix, Arizona 85042
Attorney for Plaintiffs

-17-

In the Superior Court of the State of Arizona

# CV2015-000431

CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney: **SABINUS A. MEGWA**

Attorney's Bar Number: <u>011266</u>

MICHAEL K. JEANES, CLERK
BY: G. Shamon DEP.
FILED
15 JAN 16 PM 4:19

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language: _____

To the best of my knowledge, all information is true and correct.

_Sabinus A. Megwa_

Attorney/Pro Per Signature (If no attorney, YOUR signature)

Plaintiff's Name(s): (List all)
**ALPHATINE GARNES;**

**ESTATE OF FREDERICK GARNES**

(List additional plaintiffs on page two and/or attach a separate sheet).

Plaintiff's Address:
**c/o 6811 South Central Avenue**

**Phoenix, Arizona 85042**

Defendant's Name(s): (List all.)

**SHERIFF JOSEPH ARPAIO and AVA ARPAIO, husband and wife;**

**MARICOPA COUNTY**

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:
(if applicable)

☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction

☐ Provisional Remedy
☐ Election Challenge
☐ Other _____

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

## NATURE OF ACTION
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☒ 111 Negligence
☐ 112 Product Liability ~ Asbestos
☐ 112 Product Liability ~ Tobacco
☐ 112 Product Liability ~ Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation

☐ 116 Other (Specify) _____
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.  ☐ 123 Hospital
☐ 122 Physician D.O  ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Forcible Detainer
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (**Not General Stream Adjudication**)
- ☐ 187 Real Property
- ☐ Sexually Violent Persons (A.R.S. §36-3704)
  (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

## 150-199 UNCLASSIFIED CIVIL CASE TYPES:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)

- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute - Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain–Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute - Discrimination
- ☐ 185 Employment Dispute - Other
- ☐ 163 Other

_____ (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)
Sergeant David Weber and Jane Doe Weber, DO Ronald Feola and Jane Doe Feola, DO Don Whetten and Jane Doe Whetten, DO Daniel Kucera and Jane Doe Kucera, DO Jeffrey Speegle and Jane Doe Speegle, DO Cassera and Jane Doe Cassera, DO Philip Otero and Jane Doe Otero, Sergeant Jenny Jenkins and John Doe Jenkins, DO David Logan and Jane Doe Logan, Sergeant A. Garza and Jane Doe Garza, Sergeant Corey Schamrock and Jane Doe Schamrock, DO Perez and Jane Doe Perez, DO Chavez and Jane Doe Chavez, Sergeant Smith and Jane Doe Smith, Jeffrey Alvarez and Jane Doe Alvarez, Barry Johnson and Jane Doe Johnson, David Mather and Jane Doe Mather, Stephanie Beaulieu and John Doe Beaulieu, Maria Cramer and John Doe Cramer, Fotia and John Doe Fotia; and John and Jane Does 1-V,

MICHAEL K. JEANES, CLERK
BY: G. Shamoin DEP.
FILED
15 JAN 16 PM 1: 20

1   SABINUS A. MEGWA, ESQ.
    The Megwa Law Office
2   6811 South Central Avenue
    Phoenix, Arizona 85042
3   Telephone (602) 243-6151
    State Bar Number: 011266
4

5   Attorney for Plaintiff

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF MARICOPA

8

9   ALPHATINE GARNES, surviving mother of   ) NO.    CV2015-000431
    Frederick Garnes, individually and on behalf of all )
10  the statutory beneficiaries of Frederick Garnes; and )
    as Personal Representative of the ESTATE OF  )
11  FREDERICK GARNES,               )
                                  )
12

13           Plaintiffs,       ) CERTIFICATE ON COMPULSORY
                            ) ARBITRATION
14  vs.                           )

15  SHERIFF JOSEPH ARPAIO and AVA ARPAIO, )
    husband and wife; MARICOPA COUNTY, a    )
16  public entity; Sergeant David Weber and Jane Doe )
    Weber, DO Ronald Feola and Jane Doe Feola, DO )
17  Don Whetten and Jane Doe Whetten, DO Daniel  )
    Kucera and Jane Doe Kucera, DO Jeffrey Speegle )
18  and Jane Doe Speegle, DO Cassera and Jane Doe )
    Cassera, DO Philip Otero and Jane Doe Otero,  )
19  Sergeant Jenny Jenkins and John Doe Jenkins, DO )
    David Logan and Jane Doe Logan, Sergeant A.  )
20  Garza and Jane Doe Garza, Sergeant Corey   )
    Schamrock and Jane Doe Schamrock, DO Perez  )
21  and Jane Doe Perez, DO Chavez and Jane Doe  )
    Chavez, Sergeant Smith and Jane Doe Smith,  )
22  Jeffrey Alvarez and Jane Doe Alvarez, Barry  )
    Johnson and Jane Doe Johnson, David Mather and )
23  Jane Doe Mather, Stephanie Beaulieu and John  )
    Doe Beaulieu, Maria Cramer and John Doe   )
24  Cramer, Fotia and John Doe Fotia; and John and )
    Jane Does I-V,                 )
25                                     )

26           Defendants,      )

27

28

-1-

1    The Undersigned certifies that he knows the dollar limits and any other limitations set forth by

2    the local rules of practice for Maricopa County Superior Court, and further certifies that this case is

3    **not subject to compulsory arbitration**, as provided by Rules 72 through 76 of the Arizona Rules of

4    Civil Procedure.

5              Dated this 16th day of January 2015.

6                                                    THE MEGWA LAW OFFICE

7                                            BY _____

8                                                    SABINUS A. MEGWA
                                                      6811 South Central Ave.
9                                                    Phoenix, Arizona 85042
                                                      Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL K. JEANES, CLERK
DEP.
BY G. Shamon
FILED
15 JAN 16 PM 4 20

1 SABINUS A. MEGWA, ESQ.
The Megwa Law Office
2 6811 South Central Avenue
Phoenix, Arizona 85042
3 Telephone (602) 243-6151
State Bar Number: 011266
4
5 Attorney for Plaintiff

6 IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7 IN AND FOR THE COUNTY OF MARICOPA

8

9 ALPHATINE GARNES, surviving mother of ) NO.    CV 2015-000431
Frederick Garnes, individually and on behalf of all )
10 the statutory beneficiaries of Frederick Garnes; and )
as Personal Representative of the ESTATE OF )
11 FREDERICK GARNES, )
12 )
13          Plaintiffs, ) CERTIFICATE REGARDING EXPERT
) OPINION TESTIMONY PURSUANT TO
14 vs. ) A.R.S SECTION 12-2603
15 SHERIFF JOSEPH ARPAIO and AVA ARPAIO, )
husband and wife; MARICOPA COUNTY, a )
16 public entity; Sergeant David Weber and Jane Doe )
Weber, DO Ronald Feola and Jane Doe Feola, DO )
17 Don Whetten and Jane Doe Whetten, DO Daniel )
Kucera and Jane Doe Kucera, DO Jeffrey Speegle )
18 and Jane Doe Speegle, DO Cassera and Jane Doe )
Cassera, DO Philip Otero and Jane Doe Otero, )
19 Sergeant Jenny Jenkins and John Doe Jenkins, DO )
David Logan and Jane Doe Logan, Sergeant A. )
20 Garza and Jane Doe Garza, Sergeant Corey )
Schamrock and Jane Doe Schamrock, DO Perez )
21 and Jane Doe Perez, DO Chavez and Jane Doe )
Chavez, Sergeant Smith and Jane Doe Smith, )
22 Jeffrey Alvarez and Jane Doe Alvarez, Barry )
Johnson and Jane Doe Johnson, David Mather and )
23 Jane Doe Mather, Stephanie Beaulieu and John )
Doe Beaulieu, Maria Cramer and John Doe )
24 Cramer, Fotia and John Doe Fotia; and John and )
Jane Does 1-V, )
25 )
26 )
27          Defendants, )
28

-1-

1      Pursuant to A.R.S. Section 12-2603, Plaintiff hereby certifies that expert opinion may be

2 necessary to prove certain of Plaintiff's claims for relief or establish liability against certain

3 Defendants.

4      Dated this 16th day of January 2015.

5

6                           THE MEGWA LAW OFFICE

7                         BY
                             SABINUS A. MEGWA

8                            6811 South Central Ave.
                           Phoenix, Arizona 85042

9                            Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
04/22/2015
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

04/18/2015

COURT ADMINISTRATION

**Case Number:** CV2015-000431

**Alphantine Garnes**

**V.**

**Joseph Arpaio**

The Judge assigned to this action is the Honorable Douglas Gerlach

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 01/16/2015 is subject to dismissal pursuant to Rule 4 (i), Arizona Rules of Civil Procedure. The deadline for completing service is 05/15/2015. If no judge has extended time for completing service and no defendants have been served by this date, this case will be dismissed.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2015-000431

| Party Name | Attorney Name | |
| --- | --- | --- |
| Alphantine Garnes | Sabinus A Megwa | Bar ID: 011266 |

1
SABINUS A. MEGWA, ESQ.
The Megwa Law Office
2
6811 South Central Avenue
Phoenix, Arizona 85042
3
Telephone (602) 243-6151
State Bar Number: 011266
4

Attorney for Plaintiff
5

ORIGINAL

MICHAEL K. JEANES CLER
RECEIVED COC #1
NIGHT DEPOSITORY

15 MAY 15 PH 4:

FILED
5-15-15        4:11 2M
MICHAEL K. JEANES, Cle
By
A. Driver, Deputy

6
IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7
IN AND FOR THE COUNTY OF MARICOPA

8

9
ALPHATINE GARNES, surviving mother of ) NO.  CV2015-000431
Frederick Garnes, individually and on behalf of all )
10
the statutory beneficiaries of Frederick Garnes; and )
as Personal Representative of the ESTATE OF )
11
FREDERICK GARNES, )
12
) 
Plaintiffs, )  **SUMMONS**
13
)
14
vs. )
)
15
SHERIFF JOSEPH ARPAIO and AVA ARPAIO, )
husband and wife; MARICOPA COUNTY, a )
16
public entity; Sergeant David Weber and Jane Doe )
Weber, DO Ronald Feola and Jane Doe Feola, DO )
17
Don Whetten and Jane Doe Whetten, DO Daniel )
Kucera and Jane Doe Kucera, DO Jeffrey Speegle )
18
and Jane Doe Speegle, DO Cassera and Jane Doe )
Cassera, DO Philip Otero and Jane Doe Otero, )
19
Sergeant Jenny Jenkins and John Doe Jenkins, DO )
David Logan and Jane Doe Logan, Sergeant A. )
20
Garza and Jane Doe Garza, Sergeant Corey )
Schamrock and Jane Doe Schamrock, DO Perez )
21
and Jane Doe Perez, DO Chavez  and Jane Doe )
Chavez, Sergeant Smith  and Jane Doe Smith, )
22
Jeffrey Alvarez and Jane Doe Alvarez, Barry )
Johnson and Jane Doe Johnson, David Mather and )
23
Jane Doe Mather, Stephanie Beaulieu and John )
Doe Beaulieu, Maria Cramer and John Doe )
24
Cramer, Fotia and John Doe Fotia; and John and )
Jane Does 1-V, )
25
)
26
)
Defendants, )
27

28

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

-1-

THE STATE OF ARIZONA TO THE DEFENDANTS:

## SHERIFF JOSEPH ARPAIO and AVA ARPAIO

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this Court. If served within Arizona, **you shall appear and defend within 20 days after service of the Summons and Complaint upon you, exclusive of the date of service.** If served out of the State of Arizona – whether direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete after the date of the filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete within 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. **RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon the Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

Pursuant to Maricopa County Local Rule 2.5, requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:
    Sabinus A. Megwa, Esq.
    The Megwa Law Office
    6811 South Central Avenue
    Phoenix, Arizona 85042
    Telephone Number: (602) 243-6151

SIGNED AND SEALED THIS DATE: 1|16|2015

**MICHAEL K. JEANES, CLERK**

Clerk

BY   G. Shannon
Deputy Clerk



-2-

1  SABINUS A. MEGWA, ESQ.
   The Megwa Law Office
2  6811 South Central Avenue
   Phoenix, Arizona 85042
3  Telephone (602) 243-6151          ORIGINAL
   State Bar Number: 011266
4
   Attorney for Plaintiff
5
6              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7                  IN AND FOR THE COUNTY OF MARICOPA
8
9  ALPHATINE GARNES, surviving mother of        ) NO.
   Frederick Garnes, individually and on behalf of all )
10 the statutory beneficiaries of Frederick Garnes; and )   CV2015-000431
   as Personal Representative of the ESTATE OF   )
11 FREDERICK GARNES,                             )
12                                               )
              Plaintiffs,                        )
13                                               )   SUMMONS
   vs.                                           )
14                                               )
   SHERIFF JOSEPH ARPAIO and AVA ARPAIO,         )
15 husband and wife; MARICOPA COUNTY, a          )
   public entity; Sergeant David Weber and Jane Doe )   If you would like legal advice from a lawyer,
16 Weber, DO Ronald Feola and Jane Doe Feola, DO )     contact the Lawyer Referral Service at
17 Don Whetten and Jane Doe Whetten, DO Daniel   )            602-257-4434
   Kucera and Jane Doe Kucera, DO Jeffrey Speegle )              or
18 and Jane Doe Speegle, DO Cassera and Jane Doe )     www.maricopalawyers.org
   Cassera, DO Philip Otero and Jane Doe Otero,  )          Sponsored by the
19 Sergeant Jenny Jenkins and John Doe Jenkins, DO )   Maricopa County Bar Association
20 David Logan and Jane Doe Logan, Sergeant A.   ) -
   Garza and Jane Doe Garza, Sergeant Corey      )
21 Schamrock and Jane Doe Schamrock, DO Perez    )
   and Jane Doe Perez, DO Chavez and Jane Doe    )
22 Chavez, Sergeant Smith and Jane Doe Smith,    )
23 Jeffrey Alvarez and Jane Doe Alvarez, Barry   )
   Johnson and Jane Doe Johnson, David Mather and )
24 Jane Doe Mather, Stephanie Beaulieu and John  )
25 Doe Beaulieu, Maria Cramer and John Doe       )
   Cramer, Fotia and John Doe Fotia; and John and )
26 Jane Does 1-V,                                )
27            Defendants,                         )
                                                 )
28

                              -1-

THE STATE OF ARIZONA TO THE DEFENDANTS:

## JEFFREY ALVAREZ AND JANE DOE ALVAREZ,

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this Court. If served within Arizona, **you shall appear and defend within 20 days after service of the Summons and Complaint upon you, exclusive of the date of service.** If served out of the State of Arizona – whether direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete after the date of the filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete within 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. **RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon the Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

Pursuant to Maricopa County Local Rule 2.5, requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:
>Sabinus A. Megwa, Esq.
>The Megwa Law Office
>6811 South Central Avenue
>Phoenix, Arizona 85042
>Telephone Number: (602) 243-6151

SIGNED AND SEALED THIS DATE: 1|6| 2015

**MICHAEL K. JEANES, CLERK**

Clerk

BY _G. Shaman_
Deputy Clerk



-2-

MICHAEL K. JEANES, CLERK
RECEIVED CCC #1
NIGHT DEPOSITORY

15 MAY 15 PM 4: 13
A. Driver
Deputy Clerk

1  SABINUS A. MEGWA, ESQ.
   The Megwa Law Office
2  6811 South Central Avenue
   Phoenix, Arizona 85042
3  Telephone (602) 243-6151
   State Bar Number: 011266

   ORIGINAL

4
5  Attorney for Plaintiff

6        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7             IN AND FOR THE COUNTY OF MARICOPA

8

9  ALPHATINE GARNES, surviving mother of ) NO.    CV2015-000431
   Frederick Garnes, individually and on behalf of all )
10 the statutory beneficiaries of Frederick Garnes; and )
11 as Personal Representative of the ESTATE OF )
   FREDERICK GARNES, )
12                                       )
13        Plaintiffs,                    )    SUMMONS
                                         )
14 vs.                                   )
                                         )
15 SHERIFF JOSEPH ARPAIO and AVA ARPAIO, )
   husband and wife; MARICOPA COUNTY, a  )
16 public entity; Sergeant David Weber and Jane Doe )
   Weber, DO Ronald Feola and Jane Doe Feola, DO )
17 Don Whetten and Jane Doe Whetten, DO Daniel )
   Kucera and Jane Doe Kucera, DO Jeffrey Speegle )
18 and Jane Doe Speegle, DO Cassera and Jane Doe )
   Cassera, DO Philip Otero and Jane Doe Otero, )
19 Sergeant Jenny Jenkins and John Doe Jenkins, DO )
20 David Logan and Jane Doe Logan, Sergeant A. )
   Garza and Jane Doe Garza, Sergeant Corey )
21 Schamrock and Jane Doe Schamrock, DO Perez )
22 and Jane Doe Perez, DO Chavez and Jane Doe )
   Chavez, Sergeant Smith and Jane Doe Smith, )
23 Jeffrey Alvarez and Jane Doe Alvarez, Barry )
24 Johnson and Jane Doe Johnson, David Mather and )
   Jane Doe Mather, Stephanie Beaulieu and John )
25 Doe Beaulieu, Maria Cramer and John Doe )
26 Cramer, Fotia and John Doe Fotia; and John and )
   Jane Does 1-V, )
27                                       )
        Defendants,                      )
28

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

THE STATE OF ARIZONA TO THE DEFENDANTS:

## SERGEANT SMITH AND JANE DOE SMITH,

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this Court. If served within Arizona, **you shall appear and defend within 20 days after service of the Summons and Complaint upon you, exclusive of the date of service.** If served out of the State of Arizona – whether direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete after the date of the filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete within 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. **RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon the Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

Pursuant to Maricopa County Local Rule 2.5, requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:
> Sabinus A. Megwa, Esq.
> The Megwa Law Office
> 6811 South Central Avenue
> Phoenix, Arizona 85042
> Telephone Number: (602) 243-6151

SIGNED AND SEALED THIS DATE: 11|16|2015

**MICHAEL K. JEANES, CLERK**

Clerk

BY G. Shaman

Deputy Clerk



-2-

SABINUS A. MEGWA, ESQ.
The Megwa Law Office
6811 South Central Avenue
Phoenix, Arizona 85042
Telephone (602) 243-6151
State Bar Number: 011266

Attorney for Plaintiff

MICHAEL K. JEANES CLERK
RECEIVED CCC #1
NIGHT DEPOSITORY

15 MAY 15 PM 4: 13
A. Driver
Deputy Clerk

ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

ALPHATINE GARNES, surviving mother of
Frederick Garnes, individually and on behalf of all
the statutory beneficiaries of Frederick Garnes; and
as Personal Representative of the ESTATE OF
FREDERICK GARNES,

       Plaintiffs,

vs.

SHERIFF JOSEPH ARPAIO and AVA ARPAIO,
husband and wife; MARICOPA COUNTY, a
public entity; Sergeant David Weber and Jane Doe
Weber, DO Ronald Feola and Jane Doe Feola, DO
Don Whetten and Jane Doe Whetten, DO Daniel
Kucera and Jane Doe Kucera, DO Jeffrey Speegle
and Jane Doe Speegle, DO Cassera and Jane Doe
Cassera, DO Philip Otero and Jane Doe Otero,
Sergeant Jenny Jenkins and John Doe Jenkins, DO
David Logan and Jane Doe Logan, Sergeant A.
Garza and Jane Doe Garza, Sergeant Corey
Schamrock and Jane Doe Schamrock, DO Perez
and Jane Doe Perez, DO Chavez and Jane Doe
Chavez, Sergeant Smith and Jane Doe Smith,
Jeffrey Alvarez and Jane Doe Alvarez, Barry
Johnson and Jane Doe Johnson, David Mather and
Jane Doe Mather, Stephanie Beaulieu and John
Doe Beaulieu, Maria Cramer and John Doe
Cramer, Fotia and John Doe Fotia; and John and
Jane Does 1-V,

       Defendants,

NO.  CV2015-000431

**SUMMONS**

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

-1-

THE STATE OF ARIZONA TO THE DEFENDANTS:

## PEREZ AND JANE DOE PEREZ,

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this Court. If served within Arizona, **you shall appear and defend within 20 days after service of the Summons and Complaint upon you, exclusive of the date of service.** If served out of the State of Arizona – whether direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete after the date of the filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete within 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon the Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

Pursuant to Maricopa County Local Rule 2.5, requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:
Sabinus A. Megwa, Esq.
The Megwa Law Office
6811 South Central Avenue
Phoenix, Arizona 85042
Telephone Number: (602) 243-6151

SIGNED AND SEALED THIS DATE:  1|16|2015

**MICHAEL K. JEANES, CLERK**

Clerk

BY ____C. Shannon____

Deputy Clerk



-2-

1    SABINUS A. MEGWA, ESQ.
     The Megwa Law Office
2    6811 South Central Avenue
     Phoenix, Arizona 85042
3    Telephone (602) 243-6151          ORIGINAL
     State Bar Number: 011266
4
     Attorney for Plaintiff
5

6              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                  IN AND FOR THE COUNTY OF MARICOPA

8

9    ALPHATINE GARNES, surviving mother of     ) NO.   CV2015-000431
     Frederick Garnes, individually and on behalf of all )
10   the statutory beneficiaries of Frederick Garnes; and )
     as Personal Representative of the ESTATE OF )
11   FREDERICK GARNES,                          )
                                                )
12                                              )
13              Plaintiffs,                     )   SUMMONS
                                                )
14   vs.                                        )
                                                )
15   SHERIFF JOSEPH ARPAIO and AVA ARPAIO,      )
     husband and wife; MARICOPA COUNTY, a       )
16   public entity; Sergeant David Weber and Jane Doe )   If you would like legal advice from a lawyer
     Weber, DO Ronald Feola and Jane Doe Feola, DO )     contact the Lawyer Referral Service at
17   Don Whetten and Jane Doe Whetten, DO Daniel )                  602-257-4434
     Kucera and Jane Doe Kucera, DO Jeffrey Speegle )                    or
18   and Jane Doe Speegle, DO Cassera and Jane Doe )          www.maricopalawyers.org
     Cassera, DO Philip Otero and Jane Doe Otero, )              Sponsored by the
19   Sergeant Jenny Jenkins and John Doe Jenkins, DO )     Maricopa County Bar Association
     David Logan and Jane Doe Logan, Sergeant A.  )
20   Garza and Jane Doe Garza, Sergeant Corey     )
21   Schamrock and Jane Doe Schamrock, DO Perez   )
     and Jane Doe Perez, DO Chavez and Jane Doe   )
22   Chavez, Sergeant Smith and Jane Doe Smith,   )
23   Jeffrey Alvarez and Jane Doe Alvarez, Barry  )
     Johnson and Jane Doe Johnson, David Mather and )
24   Jane Doe Mather, Stephanie Beaulieu and John )
     Doe Beaulieu, Maria Cramer and John Doe      )
25   Cramer, Fotia and John Doe Fotia; and John and )
26   Jane Does 1-V,                              )
                                                )
27              Defendants,                      )
                                                )
28

                                    -1-

THE STATE OF ARIZONA TO THE DEFENDANTS:

## RONALD FEOLA AND JANE DOE FEOLA

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this Court. If served within Arizona, **you shall appear and defend within 20 days after service of the Summons and Complaint upon you, exclusive of the date of service.** If served out of the State of Arizona – whether direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete after the date of the filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete within 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon the Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

Pursuant to Maricopa County Local Rule 2.5, requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:
   Sabinus A. Megwa, Esq.
   The Megwa Law Office
   6811 South Central Avenue
   Phoenix, Arizona 85042
   Telephone Number: (602) 243-6151

SIGNED AND SEALED THIS DATE: 1/16/2015

**MICHAEL K. JEANES, CLERK**

Clerk   _____

      BY   Cl. Shamon
      Deputy Clerk



-2-

MICHAEL K. JEANES, CLERK
RECEIVED CCC #1
NIGHT DEPOSITORY

15 MAY 15 PM 4: 14

A. Driver
Deputy Clerk

1   SABINUS A. MEGWA, ESQ.
    The Megwa Law Office
2   6811 South Central Avenue
    Phoenix, Arizona 85042
3   Telephone (602) 243-6151      ORIGINAL
    State Bar Number: 011266
4
    Attorney for Plaintiff
5

6           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                 IN AND FOR THE COUNTY OF MARICOPA

8

9   ALPHATINE GARNES, surviving mother of    ) NO.   CV2015-000431
    Frederick Garnes, individually and on behalf of all )
10  the statutory beneficiaries of Frederick Garnes; and )
11  as Personal Representative of the ESTATE OF )
    FREDERICK GARNES,                         )
12                                            )
13              Plaintiffs,                   )   SUMMONS
                                              )
14  vs.                                       )
                                              )
15  SHERIFF JOSEPH ARPAIO and AVA ARPAIO,     )   If you would like legal advice from a lawyer,
    husband and wife; MARICOPA COUNTY, a      )   contact the Lawyer Referral Service at
16  public entity; Sergeant David Weber and Jane Doe )   602-257-4434
    Weber, DO Ronald Feola and Jane Doe Feola, DO )   or
17  Don Whetten and Jane Doe Whetten, DO Daniel )   www.maricopalawyers.org
18  Kucera and Jane Doe Kucera, DO Jeffrey Speegle )   Sponsored by the
    and Jane Doe Speegle, DO Cassera and Jane Doe )   Maricopa County Bar Association
19  Cassera, DO Philip Otero and Jane Doe Otero, )
    Sergeant Jenny Jenkins and John Doe Jenkins, DO )
20  David Logan and Jane Doe Logan, Sergeant A. )
21  Garza and Jane Doe Garza, Sergeant Corey )
    Schamrock and Jane Doe Schamrock, DO Perez )
22  and Jane Doe Perez, DO Chavez  and Jane Doe )
    Chavez, Sergeant Smith  and Jane Doe Smith, )
23  Jeffrey Alvarez and Jane Doe Alvarez, Barry )
24  Johnson and Jane Doe Johnson, David Mather and )
    Jane Doe Mather, Stephanie Beaulieu and John )
25  Doe Beaulieu, Maria Cramer and John Doe )
    Cramer, Fotia and John Doe Fotia; and John and )
26  Jane Does 1-V,                            )
                                              )
27              Defendants,                   )

28

                              -1-

THE STATE OF ARIZONA TO THE DEFENDANTS:

## FOTIA AND JOHN DOE FOTIA,

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this Court. If served within Arizona, **you shall appear and defend within 20 days after service of the Summons and Complaint upon you, exclusive of the date of service.** If served out of the State of Arizona -- whether direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete after the date of the filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete within 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon the Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

Pursuant to Maricopa County Local Rule 2.5, requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:
Sabinus A. Megwa, Esq.
The Megwa Law Office
6811 South Central Avenue
Phoenix, Arizona 85042
Telephone Number: (602) 243-6151

SIGNED AND SEALED THIS DATE: 1|16|2015

**MICHAEL K. JEANES, CLERK**

Clerk

BY M. Shomon
Deputy Clerk

-2-

1  SABINUS A. MEGWA, ESQ.
   The Megwa Law Office
2  6811 South Central Avenue
   Phoenix, Arizona 85042
3  Telephone (602) 243-6151        ORIGINAL
   State Bar Number: 011266
4
   Attorney for Plaintiff
5

MICHAEL K. JEANES, CLERK
RECEIVED CCC #1
NIGHT DEPOSITORY

15  MAY 15  PM 4: 11

A. Driver
Deputy Clerk

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF MARICOPA

8

9  ALPHATINE GARNES, surviving mother of ) NO.   CV2015-000431
   Frederick Garnes, individually and on behalf of all )
10 the statutory beneficiaries of Frederick Garnes; and )
   as Personal Representative of the ESTATE OF )
11 FREDERICK GARNES,                     )
12                                       )
                                         )
13         Plaintiffs,                   )   SUMMONS
                                         )
14 vs.                                   )
                                         )
15 SHERIFF JOSEPH ARPAIO and AVA ARPAIO, )
   husband and wife; MARICOPA COUNTY, a  )
16 public entity; Sergeant David Weber and Jane Doe )   If you would like legal advice from a lawyer,
   Weber, DO Ronald Feola and Jane Doe Feola, DO )     contact the Lawyer Referral Service at
17 Don Whetten and Jane Doe Whetten, DO Daniel )             602-257-4434
   Kucera and Jane Doe Kucera, DO Jeffrey Speegle )                or
18 and Jane Doe Speegle, DO Cassera and Jane Doe )          www.maricopalawyers.org
   Cassera, DO Philip Otero and Jane Doe Otero, )            Sponsored by the
19 Sergeant Jenny Jenkins and John Doe Jenkins, DO )     Maricopa County Bar Association
   David Logan and Jane Doe Logan, Sergeant A. )
20 Garza and Jane Doe Garza, Sergeant Corey )
   Schamrock and Jane Doe Schamrock, DO Perez )
21 and Jane Doe Perez, DO Chavez and Jane Doe )
   Chavez, Sergeant Smith and Jane Doe Smith, )
22 Jeffrey Alvarez and Jane Doe Alvarez, Barry )
   Johnson and Jane Doe Johnson, David Mather and )
23 Jane Doe Mather, Stephanie Beaulieu and John )
   Doe Beaulieu, Maria Cramer and John Doe )
24 Cramer, Fotia and John Doe Fotia; and John and )
   Jane Does 1-V,                       )
25                                       )
26         Defendants,                   )
27 _____ )
28

                         -1-

**THE STATE OF ARIZONA TO THE DEFENDANTS:**

## DANIEL KUCERA AND JANE DOE KUCERA

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this Court. If served within Arizona, **you shall appear and defend within 20 days after service of the Summons and Complaint upon you, exclusive of the date of service.** If served out of the State of Arizona -- whether direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete after the date of the filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete within 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon the Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

Pursuant to Maricopa County Local Rule 2.5, requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:
        Sabinus A. Megwa, Esq.
        The Megwa Law Office
        6811 South Central Avenue
        Phoenix, Arizona 85042
        Telephone Number: (602) 243-6151

SIGNED AND SEALED THIS DATE: 1|16|2015

**MICHAEL K. JEANES, CLERK**

Clerk _____

BY    G. Shamon
Deputy Clerk



-2-

HICHAEL K. JEANES, CLERK
RECEIVED CCC A1
NIGHT DEPOSITORY

15 MAY 15 PM 4: 11

A. Driver
Deputy Clerk

1  SABINUS A. MEGWA, ESQ.
   The Megwa Law Office
2  6811 South Central Avenue
   Phoenix, Arizona 85042
3  Telephone (602) 243-6151
   State Bar Number: 011266
4
   ORIGINAL
   Attorney for Plaintiff
5

6        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF MARICOPA

8

9  ALPHATINE GARNES, surviving mother of ) NO.   CV2015-000431
   Frederick Garnes, individually and on behalf of all )
10 the statutory beneficiaries of Frederick Garnes; and )
   as Personal Representative of the ESTATE OF )
11 FREDERICK GARNES, )

12 )
        Plaintiffs, )       **SUMMONS**
13 )
14 vs. )

15 SHERIFF JOSEPH ARPAIO and AVA ARPAIO, )
   husband and wife; MARICOPA COUNTY, a )
16 public entity; Sergeant David Weber and Jane Doe )     If you would like legal advice from a lawyer,
   Weber, DO Ronald Feola and Jane Doe Feola, DO )        contact the Lawyer Referral Service at
17 Don Whetten and Jane Doe Whetten, DO Daniel )                   602-257-4434
   Kucera and Jane Doe Kucera, DO Jeffrey Speegle )                      or
18 and Jane Doe Speegle, DO Cassera and Jane Doe )              www.maricopalawyers.org
   Cassera, DO Philip Otero and Jane Doe Otero, )               Sponsored by the
19 Sergeant Jenny Jenkins and John Doe Jenkins, DO )         Maricopa County Bar Association
   David Logan and Jane Doe Logan, Sergeant A. )
20 Garza and Jane Doe Garza, Sergeant Corey )
   Schamrock and Jane Doe Schamrock, DO Perez )
21 and Jane Doe Perez, DO Chavez and Jane Doe )
   Chavez, Sergeant Smith and Jane Doe Smith, )
22 Jeffrey Alvarez and Jane Doe Alvarez, Barry )
   Johnson and Jane Doe Johnson, David Mather and )
23 Jane Doe Mather, Stephanie Beaulieu and John )
   Doe Beaulieu, Maria Cramer and John Doe )
24 Cramer, Fotia and John Doe Fotia; and John and )
   Jane Does 1-V, )
25 )
26 )
        Defendants, )
27

28

                        -1-

THE STATE OF ARIZONA TO THE DEFENDANTS:

## DON WHETTEN AND JANE DOE WHETTEN

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this Court. If served within Arizona, **you shall appear and defend within 20 days after service of the Summons and Complaint upon you, exclusive of the date of service.** If served out of the State of Arizona – whether direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete after the date of the filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete within 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon the Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

Pursuant to Maricopa County Local Rule 2.5, requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:
    Sabinus A. Megwa, Esq.
    The Megwa Law Office
    6811 South Central Avenue
    Phoenix, Arizona 85042
    Telephone Number: (602) 243-6151

SIGNED AND SEALED THIS DATE: 1|16|2015

**MICHAEL K. JEANES, CLERK**

Clerk _____

BY G. Shamon

Deputy Clerk



-2-

MICHAEL K. JEANES CLERK
RECEIVED CCC #1
NIGHT DEPOSITORY

15 MAY 15 PM 4: 11

A. Driver
Deputy Clerk

1  SABINUS A. MEGWA, ESQ.
   The Megwa Law Office
2  6811 South Central Avenue
   Phoenix, Arizona 85042
3  Telephone (602) 243-6151
   State Bar Number: 011266
4
5  Attorney for Plaintiff

ORIGINAL

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF MARICOPA

8

9  ALPHATINE GARNES, surviving mother of          ) NO.  CV2015-000431
   Frederick Garnes, individually and on behalf of all )
10 the statutory beneficiaries of Frederick Garnes; and )
   as Personal Representative of the ESTATE OF     )
11 FREDERICK GARNES,                               )
12                                                 )
              Plaintiffs,                          )
13                                                 )  SUMMONS
   vs.                                             )
14                                                 )
   SHERIFF JOSEPH ARPAIO and AVA ARPAIO,           )  If you would like legal advice from a lawyer,
15 husband and wife; MARICOPA COUNTY, a            )  contact the Lawyer Referral Service at
   public entity; Sergeant David Weber and Jane Doe )       602-257-4434
16 Weber, DO Ronald Feola and Jane Doe Feola, DO   )             or
17 Don Whetten and Jane Doe Whetten, DO Daniel     )  www.maricopalawyers.org
   Kucera and Jane Doe Kucera, DO Jeffrey Speegle  )      Sponsored by the
18 and Jane Doe Speegle, DO Cassera and Jane Doe   ) —  Maricopa County Bar Association
   Cassera, DO Philip Otero and Jane Doe Otero,    )
19 Sergeant Jenny Jenkins and John Doe Jenkins, DO )
20 David Logan and Jane Doe Logan, Sergeant A.     )
   Garza and Jane Doe Garza, Sergeant Corey        )
21 Schamrock and Jane Doe Schamrock, DO Perez      )
22 and Jane Doe Perez, DO Chavez and Jane Doe      )
   Chavez, Sergeant Smith and Jane Doe Smith,      )
23 Jeffrey Alvarez and Jane Doe Alvarez, Barry     )
   Johnson and Jane Doe Johnson, David Mather and  )
24 Jane Doe Mather, Stephanie Beaulieu and John    )
25 Doe Beaulieu, Maria Cramer and John Doe         )
   Cramer, Fotia and John Doe Fotia; and John and  )
26 Jane Does 1-V,                                  )
27                                                 )
              Defendants,                          )
28